UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER MAE MATHIS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 3:15-cv-05804-RJB<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Jennifer Mae Mathis seeks review of the denial of her application for social security income ("SSI") benefits. Plaintiff contends that the administrative law judge ("ALJ") erred in evaluating whether plaintiff met listing 12.05(C), the medical evidence, and plaintiff's credibility. Dkt. 17 at 2. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an immediate award of benefits.

## BACKGROUND

On January 27, 2010, plaintiff protectively filed an application for SSI benefits, alleging disability as of February 1, 2009. Dkt. 13, Administrative Record ("AR") 87. Plaintiff's application was denied initially and on reconsideration. *Id*. After a hearing and an unfavorable decision, plaintiff appealed to the Appeals Council. AR 17. The Appeals Council remanded the case for a new hearing. *Id*. After the ALJ conducted a second hearing on June 5, 2014, the ALJ

issued a decision finding plaintiff not disabled. AR 17-30.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

> **Step one:** Plaintiff has not engaged in substantial gainful activity since January 27, 2010, the application date.
>
> **Step two:** Plaintiff has the following severe impairments: obesity, cognitive disorder with borderline intellectual functioning, depression, anxiety, posttraumatic stress disorder, and personality disorder.
>
> **Step three:** Plaintiff's impairments do not meet or equal the requirements of a listed impairment.[2]
>
> **Residual Functional Capacity:** Plaintiff has the ability to perform light work, except she should avoid unprotected heights and hazardous worksites. She can occasionally climb, stoop, crouch, kneel, and crawl. She is limited to simple, entry-level work that does not require written instructions or written reports. She can have occasional interaction with coworkers but no interaction with the public.
>
> **Step four:** Plaintiff has no past relevant work.
>
> **Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, plaintiff is not disabled.

*See* AR 19-30. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *See* AR 6-11.[3]

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

**I. Listing 12.05(C)**

Plaintiff asserts that the ALJ erred by failing to find that she met the requirements found in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C) ("listing 12.05(C)"). *See* Dkt. 17 at 2-8. The Court agrees.

At step three of the sequential disability evaluation process, the ALJ must evaluate the claimant's impairments to see if they meet or medically equal any of the impairments listed in 20 C.F. R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R § 416.920(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If any of the claimant's impairments meet or medically equal a listed impairment, she is deemed disabled. *See* 20 C.F.R. § 416.920(d). The burden of proof is on the claimant to establish that her impairments meet or equal a listing. *See Tackett*, 180 F.3d at 1098.

Listing 12.05(C) reads in relevant part:

> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function . . .

First, plaintiff argues that the evidence in the record shows that she suffered an onset of intellectual disability prior to age 22. *See* Dkt. 17 at 2-3. The Eighth Circuit has found difficulties in academic functioning sufficient to satisfy the requirement of deficits in adaptive functioning during the developmental period. *See Christner v. Astrue*, 498 F.3d 790, 793 (8th Cir. 2007) (early dropout and participation in special education classes likely meets burden of establishing onset before age 22); *Maresh v. Barnhart*, 438 F.3d 897, 900 (8th Cir. 2006) (struggling in

special education classes through ninth grade, having trouble with reading, writing, and math, and dropping out of school constituted evidence of intellectual disability manifesting prior to age 22). While not making such a finding, the Ninth Circuit has indicated that such circumstantial evidence of adaptive functioning deficits could prove onset before age 22 as well. *See Sorter v. Astrue*, 389 F. App'x 620, 622 (9th Cir. 2010); *Gomez v. Astrue*, 695 F.Supp.2d 1049 (C.D. Cal. 2010).

Here, plaintiff dropped out of school in eighth grade. *See* AR 676. While she was in school, she took special education classes but could not maintain passing grades. *See* AR 676-77, 706. She never finished obtaining her GED, describing it as "too hard." *See* AR 706. At age 20, plaintiff attempted a trial work experience with the Division of Vocational Rehabilitation, where she was found to be unable to follow through with work-related assignments, to have difficulty interacting with coworkers and supervisors, and to be generally not ready and able to benefit from vocational rehabilitation services. *See* AR 293. Therefore, plaintiff met her burden of establishing subaverage general intellectual functioning with deficits in adaptive functioning manifested before age 22.

Next, plaintiff provided evidence of a full scale IQ score of 64 found by an examining psychologist in 2008 and a full scale IQ score of 61 found by a separate examining psychologist in 2010. *See* AR 679, 709. The ALJ gave little weight to these scores because "at least one examining psychologist believed the claimant functions at a higher level than her IQ test scores would indicate." *See* AR 23, 25. The one examining psychologist to whom the ALJ referred is presumably Robert E. Schneider, Ph.D., who noted that plaintiff's presentation and history "suggest[ed]" a higher level of functional intelligence than her IQ scores would imply. *See* AR 718. Dr. Schneider then stated, "[h]owever, her coping skills and ability to deal with problems

and changes [are], in fact, within the range" of intellectual disability. *See id*. The ALJ also gave weight to testimony of Margaret R. Moore, Ph.D., who did not treat or examine plaintiff. *See* AR 22. Dr. Moore opined that she disagreed with the diagnosis of intellectual disability based on the IQ scores because the record showed some physicians opining to higher functioning. *See* AR 62.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. When an examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Id*.

Here, the ALJ provided no specific and legitimate reason supported by substantial evidence to disregard the two consistent IQ scores provided by separate examining psychologists in favor of Dr. Schneider's opinion. One psychologist opining to a higher level of functional intelligence is not in itself a reason to discount the other psychologists' findings; that opinion simply creates the contradiction in the record that triggers the need for legally sufficient reasons to discount their findings. The ALJ provided no such reason.[4] *See* AR 23, 25. Furthermore, the ALJ mischaracterized Dr. Schneider's opinion. While Dr. Schneider found plaintiff's presentation could suggest higher functioning than her IQ scores indicated, he found that her

[4] Even were the Court to infer from the ALJ's full analysis that he was discounting the IQ scores because he believed plaintiff's "main issue may be with motivation, not cognitive functioning" (*see* AR 23), such reasoning ignores that listing 12.05(C) specifically premises a finding of disability on subaverage intellectual functioning in combination with another impairment that imposes additional functional workplace limitations, such as lack of motivation.

coping skills caused her to function at a level consistent with intellectual disability. *See* AR 718. The ALJ likewise provided no reason for giving greater weight to nonexamining psychologist Dr. Moore, who relied on Dr. Schneider's opinion to disregard the diagnoses of intellectual disability in the record. Therefore, the ALJ provided no sufficient reason to disregard the valid IQ scores that plaintiff provided in support of a finding that she was disabled under listing 12.05(C).

Finally, plaintiff provided evidence of a mental impairment imposing an additional and significant work-related limitation of function. With respect to listing 12.05(C), an impairment will be deemed to impose "a significant work-related limitation of function when its effect on a claimant's ability to perform basic work activities is more than slight or minimal." *Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir. 1986). A "finding of severity" alone at step two of the sequential disability evaluation process "automatically satisfie[s] the more than slight or minimal effect standard." *Id*. at n. 3. At step two, the ALJ found several severe mental impairments. *See* AR 19. Therefore, plaintiff met all of the requirements of listing 12.05(C). Accordingly, the ALJ's decision is in error and must be remanded.

**II. Remand for an Award of Benefits**

Plaintiff alleges that the ALJ erred in several other areas, including evaluating other medical opinions and plaintiff's credibility. *See* Dkt. 17. However, considering the ALJ's error in evaluating whether plaintiff met listing 12.05(C), the final question requiring resolution is whether the Court should, at its discretion, remand this case for further proceedings or for an award of benefits.

Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'" *Garrison*

*v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's evidence that she met listing 12.05(C). *See infra*, I. Plaintiff has already had two hearings before this ALJ, including one hearing after the Appeals Council ordered a remand of the first decision denying benefits. *See* AR 37-54, 55-81. Once again, the ALJ has failed to provide legally sufficient reasons to discount the evidence of plaintiff's intellectual disability.

Second, there are no outstanding issues that must be resolved. As described above, plaintiff met her burden of establishing that her impairments met listing 12.05(C). *See infra*, I. The evidence establishes that plaintiff suffered an onset of intellectual disability before age 22. *See id*. The only examining psychologists who performed IQ testing found scores within the range required by listing 12.05(C). *See id*. The ALJ found at step two that plaintiff had mental impairments imposing an additional and significant work-related limitation of function. *See id*.

Third, crediting the improperly discounted evidence as true, the ALJ would be required to

find plaintiff disabled under listing 12.05(C). *See* 20 C.F.R § 416.920(d) (if any of the claimant's impairments meet or medically equal a listed impairment, she is deemed disabled).

Accordingly, the Court finds that the record has been fully developed in this case, and that remanding for further proceedings "would serve no further purpose." *Smolen*, 80 F.3d at 1292; *Holohan*, 246 F.3d at 1210. Indeed, allowing the Commissioner to decide these issues again "would create an unfair 'heads, we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (noting that the "Commissioner, having lost this appeal, should not have another opportunity . . . any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings."). Because review of the record as a whole does not create serious doubt that plaintiff is disabled, the Court remands the case for an immediate award of benefits.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an immediate award of benefits.

DATED this 22nd day of September, 2016.

ROBERT J. BRYAN
United States District Judge